TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Asset Forfeiture Section
        Federal Courthouse, 14th Floor
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-2569/1785
        Facsimile: (213) 894-0142
        E-mail: Victor.Rodgers@usdoj.gov
                Maxwell.Coll@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$305,000.00 IN U.S. CURRENCY,<br><br>Defendant.<br><br>MICHAEL MAGEE,<br><br>Claimant. | Case No. 2:21-cv-06968-RGK-MAR<br><br>**PLAINTIFF UNITED STATES OF AMERICA'S REPLY MEMORANDUM OF POINTS AND AUTHROTIES IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER TO STAY THIS CIVIL FORFEITURE PROCEEDING**<br><br>Date:          February 22, 2022<br>Time:          9:00 a.m.<br>Courtroom:  850, the Honorable<br>                    R. Gary Klausner |

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff United States of America ("the government") respectfully submits this reply memorandum of points and authorities in support of its motion to stay this action pursuant to the mandatory stay provisions of 18 U.S.C. § 981(g) and the Court's inherent power.[1]  Claimant's opposition relies upon an incorrect standard for determining whether a stay should be granted and, even under that standard, inapplicable general propositions from cases that conclusory allegations that civil discovery will adversely affect the government's ability to conduct a related criminal investigation or case are insufficient for issuance of a stay.  Not only is the standard Claimant proffers incorrect, but Claimant's general propositions have nothing to do with the facts of this case.  The government has offered information publicly in its moving papers and complaint, including identifying a federal drug trafficking conspiracy case filed on August 10, 2021 against one claimant, and federal search warrants executed at Claimant's residence, in order to show the adverse impact of civil discovery and 18 U.S.C. § 981(g)'s requirements have been met.  In addition, the government has filed an application seeking permission to submit in camera a non-public declaration that sets forth details of, and how civil discovery would adversely affect, the criminal investigation or case.

Claimant's opposition makes arguments that do not warrant denial of a stay.  For example, Claimant's assertion that Claimant wants to file a motion overlooks that, as multiple cases hold that Claimant ignores, the government would have to create discovery in order to oppose any Claimant motion, with testimonial law enforcement officer declarations and depose witnesses and conduct other activities.  Cases hold that the creation of that discovery constitutes the requisite showing that proceeding with civil discovery will adversely affect the government's ability to conduct a related criminal investigation or case and requires entry of a stay under the mandatory stay provision.

---

[1] The government is also filing, contemporaneously herewith, identical reply briefs in the cases the government identified in footnote 1 of the moving papers.

1

**ARGUMENT**

**A.    Claimant Has Not Overcome The Government's Showing That A Stay Is Appropriate Under 18 U.S.C. § 981(g)(1)'s Mandatory Stay Provision.**

Claimant's opposition offers nothing to change the fact that a stay is warranted in this case.  18 U.S.C. § 981(g)(1), which is the mandatory stay provision adopted as part of the Civil Asset Forfeiture Reform Act of 2000 (the "CAFRA") provides for a stay "if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case."  Relying solely upon general propositions unrelated to the facts of the instant case culled from twenty-year-old district court decisions from outside California or the Ninth Circuit, Claimant argues the government must make an actual showing that civil discovery will adversely affect a criminal investigation, bare assertions of hardship by the government are not enough to satisfy the standard for issuance of an 18 U.S.C. § 981(g) stay, there is no presumption that civil discovery by itself automatically creates an adverse effect on the related criminal proceeding, and where the government speaks in generalizations and broad terms and fails to relate them to any particular aspect of the criminal investigation or provide anything other conclusory statements or speculation, a motion to stay should be denied.  See Oppo. under heading "Legal Standard."

None of Claimant's arguments, however, apply here, as Claimant's general pronouncements have no applicability to this case.  Claimant misstates the standard for granting stays, Claimant's cases are readily distinguishable, Claimant has completely ignored the government's cases, and the government has offered extensive evidence of the related criminal investigation and case (both in the public filings and the filings the government has sought permission to file ex parte in camera) showing that the government is not relying upon any conclusory or generalized allegations but has instead offered concrete evidence establishing that civil discovery will adversely affect the government's ability to conduct a related criminal investigation or case.

First, Claimant misstates the applicable standard for determining whether a stay is appropriate, as evidenced by more recent cases then those upon which Claimant relies, which are decisions from district courts within the Central District and Eastern District of California. Those cases, which the government's moving papers cite and Claimant's opposition ignores, hold that the government need not make any particularized showing of prejudice or harm (i.e., that civil discovery would adversely affect the government's ability to conduct a criminal investigation) to warrant entry of a stay pursuant to 18 U.S.C. § 981(g)'s mandatory stay provision. See moving papers citing United States v. One 2008 Audi R8 Coupe Quattro, 866 F. Supp. 2d 1180, 1184 (C.D. Cal. 2011) ("Courts have routinely issued Section 981(g)(1) stays on the basis of the Government's allegations of likely prejudice to the criminal proceeding caused by the civil discovery") (citation omitted and emphasis in original); United States v. $1,026,781.61 in Funds From Florida Capital Bank, 2013 WL 4714188, *1 (C.D. Cal. Jul. 29, 2013) (same). In addition, the district court in One 2008 Audi R8 Coupe Quattro also noted:

> Section 981(g)(1) does not require a particularized showing of prejudice or specific harm; rather, all that the Court must determine is whether the civil discovery will interfere with the criminal investigation. In fact, more specific disclosure of prejudice through detailed evidentiary support will only result in the very prejudice to the criminal proceeding that the Government seeks to avoid.

Id. at 1183-84 (citation omitted). Accord, United States v. 6415 N. Harrison Ave., 2012 WL 4364076, *3 (E.D. Cal. Sept. 21, 2012) ("[i]ndeed, Section 981(g)(1) does not require a particularized showing of prejudice or specific harm; rather all that the Court must determine is whether the civil discovery will interfere with the criminal investigation") (citations omitted); United States v. $63,400 USD, 2017 WL 10702138, *1 (C.D. Cal. Apr. 26, 2017) ("[i]n order to grant a stay [under 18 U.S.C. § 981(g)(1)], all that the Court must determine is whether the civil discovery will interfere with the criminal investigation") (internal quotation marks and citation omitted).

3

Second, Claimant makes no effort to discuss, challenge or refute any of the authorities the government cited in its moving papers holding that where, as here, proceeding with civil discovery would subject the government to broader discovery then it would have to endure in the criminal proceeding (e.g., requiring the government to respond to written discovery or to questioning at depositions in civil proceeding when parties are not required to respond to written discovery or testify in depositions in criminal investigations or cases) or permit Claimant and other third parties to obtain discovery earlier than they otherwise would be entitled to receive it in the criminal proceeding, a stay under the mandatory stay provisions of 18 U.S.C. § 981(g) is warranted.[2]  See also United States v. 6415 N. Harrison Ave., 2012 WL 4364076, *3 (E.D. Cal. Sept. 21, 2012) (granting 18 U.S.C. § 981(g) motion, and noting "[c]ivil discovery is likely to adversely affect the ability of the Government to conduct the related criminal proceedings because it will subject the Government to broader and earlier discovery than would occur a criminal proceeding") (citation omitted).

Third, and most significantly, Claimant's arguments about generalized and conclusory allegations of prejudice by the government are wide-of-the-mark here. Claimant's brief relies upon cases where the government offered nothing, either in public filings or via the ex parte procedure authorized by 18 U.S.C. § 981(g)(5) for submission of ex parte declarations in camera to the Court, to show that proceeding with civil discovery would adversely affect the government's related criminal investigation or case and/or involve situations where the courts actually stayed the action (and therefore

---

[2] See moving papers citing United States v. One Assortment of Seventy-Three Firearms, 352 F. Supp. 2d 2, 4 (D. Me. 2005) (a stay under 18 U.S.C. § 981(g) is appropriate where civil discovery will subject the related criminal investigation "to early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding"); United States v. Real Property and Improvements Located At 10 Table Bluff Road, 2007 WL 911849, *2 (N.D. Cal. Mar. 23, 2007) (stay must be granted if civil discovery will subject the Government to broader and earlier discovery than would occur in a criminal case).  See also United States v. Contents of Nationwide Life Ins. Annuity Account, 2007 WL 682530, *1 (S.D. Ohio Mar. 1, 2007) ("As the government correctly argues, the Court is also very concerned about Defendants in the criminal case using this civil case as a back door method to obtain discovery outside the scope of Fed. R. Crim. P. 16").

4

1  support the government and not Claimant's position).[3]  But the government has offered

2  both information in public and sought permission to submit <u>ex parte</u> declarations in

3  camera to the Court to show how civil discovery would adversely affect the

4  government's criminal investigation or case.  Claimant's arguments therefore fall flat.

5  Indeed, the public filings, standing alone, show that a stay is appropriate.  As to

6  claimant Derrick Polk, the government has moved to stay the action pending the

7  resolution of a related criminal investigation <u>and</u> a related criminal case filed August 10,

8  2021 in the Western District of Pennsylvania, which criminal case charges claimant Polk

9  and his co-conspirators in a federal drug trafficking conspiracy (<u>United States v. Davis,</u>

10  <u>et al.</u>, Case No. 21cr16) and the superseding indictment in that federal criminal case

11  seeks to criminally forfeit the defendants the government seeks to forfeit in the civil

12  forfeiture case (<u>i.e.</u>, <u>United States v. $399,000 in U.S. Currency, et al.</u>, Case No. 2:21-cv-

13  06966-RGK-MAR).  Claimant Polk's opposition ignores the criminal case filing entirely

14  and the fact the criminal case, standing alone, warrants entry of the mandatory stay.

15  In addition, the other public information contained in the government's forfeiture

16  complaints and moving papers reflect sufficient evidence of a criminal investigation to

17  warrant the stay, including that the government executed federal search warrants on July

18  15, 2021 (i) at claimant Michael Magee's residence at which time claimant Michael

19  Magee told officers that he went to prison for 14 years for conspiracy to transport via

20  FedEx crack cocaine from Los Angeles to Mississippi; (ii) at claimant Mitchell Magee's

21  residence and a storage unit Mitchell Magee rented using an identity theft victim's

22

23  _____

[3] Claimants cases are distinguishable.  <u>United States v. All Funds on Deposit in</u>
<u>Suntrust Bank Account Number XXXXXXXXX8359</u>, 456 F. Supp. 2d 64 (D.D.C.

24  2006) (granting stay even though no discovery served); <u>United States v. GAF Financial</u>
<u>Services, Inc.</u>, 335 F. Supp. 2d 1371 (S.D. Fla. 2004) (denying claimant's motion for

25  reconsideration of order granting stay, based on government's ex parte affidavits);
<u>United States v. Currency $716,502.44</u>, 2008 WL 5158291 (E.D. Mich. Dec. 5, 2008)

26  (granting stay based on government's ex parte in camera affidavit); <u>United States v. One</u>
<u>J.P. Morgan Chase Bank Account In The Amount Of $750,000.00</u>, 2006 WL 6562918

27  (W.D. Mich. Dec. 14, 2006) (denying stay motion submitted without ex parte affidavits,
but without prejudice to refiling the motion with affidavits); <u>United States v. All Funds</u>

28  (<u>$357,311.68</u>), 2004 WL 1834589 (N.D. Tx. Aug, 10, 2004) (government submitted <u>no</u>
ex parte affidavits or any evidence whatsoever to support request for stay).

driver's license and where officers found $190,000.00 in cash; and (iii) at claimant Derrick Polk's residence where officers found jewelry valued at over $184,610.00.  In addition, the moving papers discuss claimant Ike Roberts' criminal history and contacts with the other claimants Michael Magee, Mitchell Magee and Derrick Polk.  Id.

Furthermore, and unlike the general propositions (unwedded to the facts) in the cases upon which Claimant relies, the government filed, concurrently with the stay motion, an application for permission to submit in camera ex parte a non-public declaration setting forth details of the confidential criminal investigation and the investigation's relationship to the civil forfeiture case.   In those applications, which Claimant did not file an opposition and therefore should be granted (see Local Rule 7-12 [failure to file timely opposition may be deemed consent to granting of motion]), the government noted that the ex parte submissions are specifically authorized by 18 U.S.C. § 981(g)(5), which provides that in requesting a stay pursuant to 18 U.S.C. § 981(g)(1), "the Government may, in appropriate cases, submit evidence ex parte in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial."  In the applications, the government cited case law showing that submission of affidavits in this manner is authorized under the statute, despite a claimant's objection.  Upon the Court's ruling on the application, the government is prepared to submit the affidavits ex parte in camera to the Court for consideration.

The government has offered sufficient evidence and argument to warrant a stay. Claimant's cases do not support Claimant's contention that a stay should be denied.

**B.     Claimant's Arguments To Avoid A Stay Are Unavailing.**

**1.     The Fact That Claimant Has Not Requested Discovery Is Not Determinative Of Whether A Stay Should Be Granted.**

Citing no authority and ignoring the government's cases on this point, Claimant argues that because Claimant has not served any discovery requests on the government it is premature and mere speculation for the government to claim that civil discovery will adversely affect the government's ability to conduct a related criminal investigation or

case.  Claimant is incorrect.  The government previously noted even courts examining the pre-CAFRA stay statute and that statute's more rigorous requirement that the government establish "good cause" for a stay,[4] have held that "good cause" was established because, even though claimant had not served any discovery requests, the broader civil discovery available to a forfeiture claimant in the civil forfeiture case could interfere with a related criminal case.[5]

In addition, the government cited multiple cases under CAFRA's 18 U.S.C. § 981(g)'s mandatory stay provision holding that, even if a claimant has not requested discovery, Claimant's assertion of a Fourth Amendment affirmative defense in Claimant's answer proved that civil discovery will adversely affect the government's ability to conduct a related criminal investigation or case.  Claimant ignored the government's cases, yet actually confirmed Claimant's affirmative defense is not mere boilerplate because Claimant's opposition announces Claimant wishes to file a suppression motion.

Again, the government's moving papers noted that in opposing a suppression motion, the government would necessarily have to create testimonial declarations of law enforcement officers who seized the defendant assets, conduct depositions of persons such as cooperating witnesses that will subject those individuals to cross examination, reveal the government's strategy in advance of the criminal case (or provide civil discovery while a criminal case is pending, such as is the situation with claimant Polk) and then, when a criminal case is filed, turn over the declarations and other items created to oppose the suppression motion or any other motion Claimant may file.  The cases the

---

[4] The good cause requirement was deleted from CAFRA's 18 U.S.C. § 981(g) mandatory stay statute.  See United States v. All Funds Deposited in Account No. 220008534845, 162 F. Supp. 2d 1325, 1330-31 (D. Wyo. 2001)].

[5] The government cited the following cases in its moving papers: United States v. Property at 297 Hawley Street, 727 F. Supp. 90, 91 (W.D.N.Y. 1990) (good cause requirement satisfied as stay necessary to protect criminal case from "potentially" broad discovery demands); United States v. One Single Family Residence Located at 2820 Taft St., 710 F. Supp. 1351, 1352 (S.D. Fla. 1989) (stay granted as "scope of civil discovery could interfere with the criminal prosecution") (emphasis added).

government's moving papers cite[6] (and Claimant ignores) show these facts cause the government to have to create discovery and thus prove civil discovery will adversely affect the government's ability to conduct a related criminal investigation or case.[7]

### 2.   Claimant's Arguments Regarding The Fifth Amendment and A Protective Order Do Not Aid Claimant.

In showing that civil discovery would adversely affect the criminal investigation or case, the government's moving papers noted that absent a stay, the government would need written and deposition discovery from Claimant and other persons involved in the illegal conduct which is part of the criminal investigation, as well as from third parties with relevant information pertaining to the investigation, in order to prove the government's case in chief and refute Claimant's affirmative defenses.   In addition, the government previously noted that, by proceeding in this manner, the government would be creating discovery that would have to be turned over in any future criminal case, which would expose the prosecution strategy for proving in the criminal case that

---

[6] The government's moving papers cited <u>United States v. $247,052.54</u>, 2007 WL 2009799 (N.D. Cal. Jul. 6, 2007) (stay must be granted because government's need to depose witnesses to oppose claimant's motion for summary judgment will expose those witnesses to cross examination, exposing government's strategy for trial; government also would need testimonial declarations from its agents "creating additional risks"); and <u>United States v. $2,067,437.08 in U.S. Currency</u>, 2008 WL 238514, *6 (E.D. Tex. Jan. 28, 2008) (stay ordered where claimant contented that it could proceed with summary judgment motion without discovery, government claimed it had to engage in ordinary civil discovery and claimant acknowledged that it would be unduly prejudiced if claimant was required to produce discovery while the criminal case was pending).

[7] See also <u>United States v. 2009 Dodge Challenger</u>, 2011 WL 6000790, *2 (D. Or. Nov. 30, 2011) (granting stay where claimants served no discovery because "[a]lthough claimants stress that they do not seek discovery, the government would be compelled to compile and reveal information and evidence collected in support of its criminal investigation in order to effectively oppose claimants' motions for summary judgment. The government ordinarily need not reveal all of its evidence during the course of criminal discovery") (citation omitted); <u>United States v. 2015 Dodge Ram 3500 Truck</u>, 2018 WL 6590834, *8 (D. Neb. Dec. 14, 2018) ("[t]he <u>foreseeable</u> discovery in this case will delve into the government's current and ongoing criminal investigation into the importation and sale of cigarettes.   Under such circumstances, the court must stay the civil forfeiture proceeding because that discovery 'will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case' ") (emphasis added and quoting 18 U.S.C. § 981(g)(1)).

particular individuals were guilty of a crime.  In conjunction with that argument the government noted, in a footnote, that key witnesses involved in the illegal activity and claimant would likely assert the Fifth Amendment privilege to avoid discovery, meaning Claimant would receive discovery and the government would not, and 18 U.S.C. § 981(g)(3) bars imposition of a protective order in lieu of a stay in that circumstance.  18 U.S.C. § 981(g)(3) ("In no case, however, shall the court impose a protective order as an alternative to a stay if the effect of such protective order would be to allow one party to pursue discovery while the other party is substantially unable to do so").

Claimant argues that the government's Fifth Amendment concern is insufficient and a protective order would address any concerns, but Claimant has not explained why this argument has anything to do with the government's stay motion.  Claimant bears the burden under 18 U.S.C. § 981(g)(3) to set forth the terms of a protective order that would protect the government's interests and not impact the prosecution of the criminal case and investigation.  But Claimant has offered no protective order, nor could one be issued, in light of the facts and arguments, as discussed above, the government must make should this case proceed.  The government's footnote statement was that if Claimant offered a protective order, that protective order must ensure that Claimant was not the only party who could obtain discovery and Claimant and others would likely assert a Fifth Amendment privilege here, making the prohibited one-way discovery inevitable.  Claimant does not even state that Claimant would not invoke the Fifth Amendment.

In addition, unlike the non-binding district court decision upon which Claimant relies (United States v. Contents of Accts., 2010 WL 2682397 (W.D. Ky Jul. 2, 2010)), Claimant is not aware of the nature and scope of the investigation, which is described in the declarations the government has requested permission to submit in camera, and the instant case involves serious charges of federal drug trafficking rather than misdemeanors or disputed readings of state laws.  See also United States v. 2009 Dodge Challenger, 2011 WL 6000790, *2 (D. Or. Nov. 30, 2011) (granting stay and noting Contents of Accts. was "unconvincing and factually distinguishable in that the court's

analysis was based, at least in part, upon the fact that the seizure of the claimants' property was premised largely on misdemeanor Jenkins Act violations and disputed readings of state tax laws, and upon its conclusion that the government's interests could be protected through the issuance of a protective order") (internal quotes omitted).

### 3. Claimant's Remaining Arguments Have Nothing To Do With The Propriety Of The Stay.

Claimant argues that a stay would be unfair because Claimant contends there was no probable cause for forfeiture and Claimant wishes to file a suppression motion. The government is not here offering facts to refute Claimant's contentions regarding whether defendants are subject to forfeiture, but Claimant's analysis is incorrect, and Claimant's desire to file a suppression motion is no different from claimants' in the cases the government has cited and discussed above in which courts have concluded that staying the action under 18 U.S.C. § 981(g)'s mandatory stay statute is appropriate because of the information the government must provide in opposition to a motion. Claimant's opposition is devoid of any legal authority holding that a stay should be denied because of the reasons Claimant proffers, and Claimant's arguments should therefore be rejected.

### CONCLUSION

For the foregoing reasons, the government respectfully renews its request that its motion be granted. In addition, to the extent any dates have been set in this case at a scheduling conference, the government respectfully requests that those dates be vacated.

Dated: February 7, 2022                    Respectfully submitted,

TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

      /s/
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

10