UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06968-RGK-MAR | Date | March 8, 2022 |
|---|---|---|---|
| Title | United States of America v. $305,000.00 in U.S. Currency | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Stay [DE 28]

### I.  INTRODUCTION

On August 30, 2021 the United States (the "Government") filed a civil forfeiture complaint against $305,000.00 in U.S. currency ("Defendant Assets"). (*See* Compl., ECF No. 1.) On October 13, 2021, Michael Magee ("Claimant") filed a claim for the Defendant Assets. (ECF No. 12.)

Presently before the Court is the Government's Motion to Stay the action pursuant to 18 U.S.C. § 981(g) ("Section 981"). (ECF No. 28.) For the reasons below, the Court **GRANTS** the Government's Motion.

### II.  FACTUAL BACKGROUND

The following facts are alleged in the Complaint, unless otherwise noted:

This case involves currency seized from box number 4303 at United States Private Vaults ("USPV"). USPV offers its customers a unique service. The company, located at a strip mall in Beverly Hills, California, rents safe deposit boxes. But USPV's offerings, designed to provide customers with increased privacy and security, differ from those available at a typical bank in several material ways. First, USPV does not keep keys to its customers' boxes. Customers maintain all keys to their boxes and can access the vault containing their boxes only through a biometric data reader. Second, USPV offers 24/7 monitoring by the ADT security company. Finally, USPV offers insurance for each safe deposit box, which banks do not offer.

According to the Government, USPV's policy of total anonymity has "catered to and attracted criminals who sought to keep their identities and the source of their cash beyond the reach of banks, regulators, the IRS, and law enforcement." (Compl. ¶ 8, ECF No. 1.) The contents of boxes at USPV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06968-RGK-MAR | Date | March 8, 2022 |
|---|---|---|---|
| Title | *United States of America v. $305,000.00 in U.S. Currency* | | |

have been subjected to forfeiture numerous times since 2016 because they were the proceeds of criminal activity. The Government alleges here that box 4303, which belongs to Claimant, contains such proceeds. Further, the Government alleges that Claimant has a significant criminal history, including a conviction for cocaine trafficking.[1] The Government has also filed *in camera* a declaration that details a current federal criminal investigation in this District that relates to Claimant and the Defendant Assets.

### III.   JUDICIAL STANDARD

Upon the Government's Motion, "the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1). When the Government moves for a stay, it may also "submit evidence *ex parte* in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial." 18 U.S.C. § 981(g)(5).

As used in the statute, "related criminal investigation" means:

> [A]n actual . . . investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal . . . investigation is 'related' to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

18 U.S.C. § 981(g)(3). The statute's language is the product of an amendment by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") that "broadened the stay relief significantly" and did away with any requirement that the Government show good cause. *United States v. All Funds Deposited in Account No. 200008524845*, 162 F. Supp. 2d 1325, 1330 (D. Wyo. 2001). The statute requires no particularized showing of prejudice or harm; all the Court need determine is whether civil discovery will likely interfere with the criminal investigation. *See U.S. v. Real Property Located at 6415 N. Harrison Ave., Fresno Cty.*, 2012 WL 4364076, at *3 (E.D. Cal. Sep. 21, 2012).

---

[1] Claimant allegedly informed police officers executing a warrant on July 15, 2021 that this was "not his first rodeo," that "prison was like Harvard and he had learned from the very best," and that he had other assets that law enforcement had yet to discover. (Compl. ¶¶ 21–22.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06968-RGK-MAR | Date | March 8, 2022 |
|---|---|---|---|
| Title | *United States of America v. $305,000.00 in U.S. Currency* | | |

## IV. DISCUSSION

The Government argues that a stay is required here because discovery in this case will potentially prejudice the ongoing related criminal investigation. Claimant counters that the Government has not specifically demonstrated what harm would result, that any resulting harm could be vitiated by a protective order, and that it would be unfair to stay this case. The Court agrees with the Government.

In order to trigger Section 981's mandatory stay provision, the Government need only make a threshold showing that discovery in the civil forfeiture matter will likely interfere with a related criminal investigation. *See United States v. $1,026,781.61 in Funds from Fla. Capital Bank*, 2009 WL 3458189, at *2 (N.D. Cal. Oct. 21, 2009). The Government need not make specific allegations of prejudice, since the evidence required to support the allegations would result in the very harm that the requested stay seeks to avoid—preemptive disclosure of the "nature and scope of the investigation and . . . future investigative action." *Id.*

The Government has carried its burden here. It has alleged in its public filings information about the criminal investigation, including that Claimant has a significant criminal history (which he discussed freely while officers were executing a search warrant at his residence) and that he mentioned not needing the Defendant Assets because he "had enough money hidden away to last a lifetime." (Compl. ¶ 22.) It has also submitted further evidence *in camera*, as authorized by the statute, that the criminal investigation of Claimant in this District is closely related to this case. *See* 18 U.S.C. § 981(g)(5); *see also United States v. GAF Fin. Servs.*, 335 F. Supp. 2d 1371, 1373 (D. Fla. 2004) ("[T]hough claimants understandably object to a procedure that would permit the filing of ex parte, confidential and sealed declarations in support of a stay, the statute allows for the government to submit evidence in an [sic] confidential, ex parte form.").

Based on the filings, the Court finds that civil discovery is likely to adversely affect the Government's ability to conduct the related criminal investigation, primarily because it would "subject the Government's criminal investigation to broader and earlier discovery than would occur in a criminal proceeding." *U.S. v. Real Property and Improvements Located at 10 Table Bluff Rd., Loleta*, 2007 WL 911849, at *2 (N.D. Cal. March 23, 2007). No party may serve interrogatories, document requests, or notice depositions in a criminal investigation or case, *see* Fed. R. Crim. P. 16, but civil discovery in this case would likely obligate the Government to respond to all of the above. Further, Claimant has indicated that he intends to bring a motion to suppress based on the FBI's alleged misconduct in seizing Claimant's USPV box. (*See* Claimant's Opp'n to Mot. at 10, ECF No. 33.) Defending against such a motion would require the Government to depose witnesses and offer declarations from the seizing FBI agents, which could further prejudice the related investigation. *See United States v. $247,052.54*, 2007 WL 2009799, at *2 (N.D. Cal. July 6, 2007) ("Deposing [witnesses] now would allow [Claimant] the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06968-RGK-MAR | Date | March 8, 2022 |
|---|---|---|---|
| Title | *United States of America v. $305,000.00 in U.S. Currency* | | |

opportunity to cross-examine them in advance of trial . . . requiring them to divulge information related to the criminal case . . . [and] testimonial declarations of law enforcement officers, whose testimony will play a central role in the criminal trial, creat[e] additional risks.")

Claimant's arguments against a stay are not availing. He first argues that the Government needs to make a specific demonstration of any potential prejudice, which (as discussed above) is not the applicable standard. He also argues that the Court could fashion a protective order to protect any information that might prejudice the criminal investigation. However, Section 981 forbids imposing "a protective order as an alternative to a stay if the effect of such protective order would be to allow one party to pursue discovery while the other party is substantially unable to do so." 18 U.S.C. § 981(g)(3). Due to the ongoing criminal investigations, Claimant seems likely to assert his Fifth Amendment privilege in the face of interrogatories or a deposition. Practically, this means that Claimant would be able to obtain discovery while the Government would be unable to do so. Section 981 forbids a protective order in such a scenario.[2]

## V.      CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Government's Motion and **STAYS** the Case pending resolution of the related criminal investigation and case. The Government must file a status report regarding the related criminal investigation and case no later than ninety days from the issuance of this Order, and continue to file such reports every ninety days until the stay is lifted.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | jre/a |

---

[2] Claimant also makes an ancillary argument that there was no probable cause for seizure of the Defendant Assets, and in the interests of fairness, he should be allowed to file a suppression motion. These arguments are not relevant to the standard for granting a stay under Section 981, which is laid out in detail above. Claimant may make any such argument once the stay is lifted.