E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Asset Forfeiture and Recovery Section
    United States Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2569/1785
    Facsimile: (213) 894-0142
    E-mail: Victor.Rodgers@usdoj.gov
           Maxwell.Coll@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>$305,000.00 IN U.S. CURRENCY,<br><br>    Defendant.<br><br>MICHAEL MAGEE,<br><br>    Claimant. | Case No. 2:21-cv-06968-RGK-MAR<br><br>**PLAINTIFF UNITED STATES OF AMERICA'S APPLICATION PURSUANT TO 18 U.S.C. § 981(g)(5) AND LOCAL RULE 79-6 TO FILE OR LODGE IN CAMERA NON-PUBLIC DECLARATION IN SUPPORT OF PLAINTIFF'S STATUS REPORT REGARDING THE ONGOING RELATED FEDERAL CRIMINAL INVESTIGATION; [PROPOSED] ORDER GRANTING THE APPLICATION LODGED UNDER SEPARATE COVER**<br><br>Date:        None<br>Time:        None<br>Courtroom:  None |

1

APPLICATION

Pursuant to 18 U.S.C. § 981(g)(5) and Local Rule 79-6, plaintiff United States of America ("the government") hereby applies for an order to file or lodge in camera a non-public declaration, and all non-public declarations filed in the future, supporting the government's status reports regarding the ongoing federal criminal investigation related to the instant civil forfeiture case.[1]  By order filed March 8, 2022, the Court granted the government's motion to stay this civil forfeiture action pursuant to 18 U.S.C. § 981(g)(1), the mandatory stay provision which provides for a stay of a civil forfeiture action where civil discovery will adversely affect the government's ability to conduct a related criminal investigation or the prosecution of a related criminal case.  In order to allow the Court to monitor the status of the criminal investigation, the Court also ordered the government to file status reports every ninety (90) days regarding the status of the criminal investigation.[2]

In connection with the government's stay motion, the Court granted the government's application which, like the instant application, sought permission to file or lodge in camera a non-public declaration in support of the stay.  The government's

---

[1] It is the government's understanding that, because this is an application to file or lodge the non-public declaration in camera pursuant to Local Rule 79-6, Local Rules 79-5.2 and 79-5.3 and Paragraph 17 of the Court's Standing Order, both of which pertain to applications to file documents under seal, do not apply.  See Local Rule 79-5.1 (distinguishing under seal and in camera filings).  Unlike applications to seal where the sealed document is served on opposing counsel, the government does not intend to serve the non-public declaration it seeks to lodge with the Court in camera and is relying (as explained in more detail below) on Local Rule 79-6 and 18 U.S.C. § 981(g)(5) as the authority to permit the document to be lodged with the Court.

[2] The government is filing identical applications in the following five cases: (1) United States of America v. $305,000.00 in U.S. Currency; Claimant Michael Magee, Case No. 2:21-cv-06968-RGK-MAR; (2) United States of America v. $600,980.00 in U.S. Currency; Claimant Mitchell Magee, Case No. 2:21-cv-06965-RGK-MAR; (3) United States of America v. $399,000.00 in U.S. Currency and Miscellaneous Items of Jewelry; Claimant Derrick Polk, Case No. 2:21-cv-06966-RGK-MAR; (4) United States of America v. $341,500.00 in U.S. Currency; Claimant Ike Roberts, Case No. 2:21-cv-06967-RGK-MAR; and (5) United States of America v. $217,285.00 in U.S. Currency, et al.; Claimant Mitchell Magee, Case No. 2:22-cv-00015-RGK-MAR.

application noted that with respect to a motion to stay under 18 U.S.C. § 981(g), Congress has authorized the filing of evidence ex parte in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or a related criminal case.  See 18 U.S.C. § 981(g)(5) ("In requesting a stay under paragraph (1), the government may, in appropriate cases, submit evidence ex parte in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial").[3]  As to the instant application, which seeks permission to file the non-public declaration, and all future non-public declarations, supporting status reports regarding the status of the ongoing related criminal investigation (and thus showing the need to continue the stay under 18 U.S.C. § 981(g)(1)), the Court has noted with regard to status reports that "[i]f necessary, the Government may file confidential supporting information in camera, pursuant to 18 U.S.C. § 981(g)(5)."  See United States of America v. $600,980.00 in U.S. Currency, Case No. 2:21-cv-06965-RGK-MAR, Docket No. 53 (filed November 15, 2022) at 4.

Accordingly, the government is hereby requesting permission to file or lodge in camera a non-public declaration, and all future non-public declarations, supporting the government's status reports regarding the status of the ongoing related criminal investigation.  Unless the Court authorizes the filing or lodging in camera[4] of the non-

---

[3] Accord, United States v. GAF Financial Services, Inc., 335 F. Supp. 2d 1371, 1373 n.2 (S.D. Fla. 2004) ("the statute [i.e., 18 U.S.C. § 981(g)(5)] allows for the government to submit evidence in an [sic] confidential, ex parte form," despite any objection by a claimant) (citation omitted); United States v. Real Property and Improvements Located At 10 Table Bluff Road, 2007 WL 911849, *2 (N.D. Cal. Mar. 23, 2007) ("the plain language of the statute [i.e., 18 U.S.C. § 981(g)(5)] allows the Government to submit such ex parte evidence," despite any objection by a claimant) (citations omitted).

[4] Local Rule 79-6.3 provides:
After reviewing a document in camera, the Court may order it to be filed publicly or under seal, with or without service, or otherwise disclosed to other parties.  Unless the Court orders it to be filed, or unless otherwise ordered by the Court, a document reviewed in camera must afterward be retained by the counsel or party that presented it until final disposition of an appeal, entry of a stipulation waiving or abandoning the right to appeal, expiration of the time for appeal (where no appeal is taken), or order of the Court, whichever occurs first.

public declarations, the disclosure of information in those declarations would adversely affect the conduct of the government's related federal criminal investigation.

In light of the foregoing, the government respectfully submits that good cause therefore exists for the application and requests the Court to enter the proposed order, lodged contemporaneously herewith, for permission to file or lodge in camera the non-public declaration and all future non-public declarations supporting the government's status reports.

Dated: June 5, 2023                    Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section

         /s/
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys
Asset Forfeiture and Recovery Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

4

## DECLARATION OF VICTOR A. RODGERS

I, Victor A. Rodgers, declare and state as follows:

1. I am an Assistant United States Attorney in the Office of the United States Attorney for the Central District of California in Los Angeles, California, and am responsible for the representation of the Plaintiff United States of America in this action. I have personal and first-hand knowledge of the facts set forth in this Declaration and, if called to testify, I could and would testify competently thereto.

2. It is my opinion that good cause exists to file or lodge the non-public declaration in camera. The disclosure of the information in that declaration would adversely affect the conduct of a related federal criminal investigation. Such disclosure would allow for the disclosure to the parties involved in the illegal conduct that is under investigation and the public evidence and other information regarding the investigation. In addition, there is a statutory basis (i.e., 18 U.S.C. § 981(g)(5)) for the submission of the non-public declaration in camera.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 5, 2023 at Los Angeles, California.

                                                /s/
                                AUSA VICTOR A. RODGERS