E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorney
Asset Forfeiture and Recovery Section
     Federal Courthouse, 14th Floor
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2569/1785
     Facsimile: (213) 894-0142
     E-mail: Victor.Rodgers@usdoj.gov
             Maxwell.Coll@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>$305,000.00 IN U.S. CURRENCY,<br><br>          Defendant. | Case No. 2:21-cv-06968-RGK-MAR<br><br>JOINT RULE 26 REPORT<br><br>Sch. Conf. Date: January 29. 2024<br>Time:            9:00 a.m. |
| MICHAEL MAGEE,<br><br>          Claimant. | |

     Pursuant to Federal Rules of Civil Procedure 16 and 26(f), counsel for plaintiff United States of America ("the government") and claimant Michael Magee ("claimant") hereby report as follows.  The Scheduling Conference is set for January 29, 2024 at 9:00 a.m.

A. <u>Statement of the Case</u>

The government has filed an <u>in</u> <u>rem</u> civil forfeiture case against the defendant currency alleging that the defendant currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A) and (C) on grounds that the funds represent proceeds of or were used to facilitate narcotic trafficking or were involved in money laundering transactions. The complaint alleges that the funds were seized from a box at US Private Vaults on or about March 20, 2021, and that the government executed a federal search warrant at claimant's residence on or about July 15, 2021. Claimant has filed a claim to the defendant currency and an answer to the complaint, and denies that the defendant currency is subject to forfeiture.

B. <u>Discovery Limits and Discovery Planning, Rule 26(f)(1)-26(f)(4)</u>

The parties do not feel it is necessary to change the timing, form or requirement for disclosures under Fed. R. Civ. P. 26(a). Pursuant to Fed. R. Civ. P. 26(a)(1)(B)(ii), this civil forfeiture case is exempt from the Fed. R. Civ. P. 26(a)(1) initial disclosure requirements. The subjects on which discovery may be needed are whether the defendant currency is subject to forfeiture and whether claimant has any defenses to discovery. In addition, the parties are not aware of any issues about electronically stored information, claims of privilege or of claims regarding the need to protect particular items as trial-preparation materials. Claimant has served interrogatories and document requests, the government intends to serve written discovery, and both parties intend to proceed with additional discovery, as warranted in this case.

/ / /

C. <u>Proposed Law and Motion Matters</u>

The government and claimant may file motions for summary judgment, the government may file a motion to amend its complaint and claimant may file a suppression motion. In addition, claimant may file a motion to dismiss based on unreasonable delay in pursuing this matter, in violation of the Due Process Clause.

D. <u>Principal Issues In The Case</u>

The principal issues in this case is whether the defendant currency is subject to forfeiture and whether claimant has any defenses to forfeiture.

E. <u>Proposed Schedule Of Pretrial Dates</u>

The parties suggest the following pretrial dates:

A last day to amend the complaint or add parties of March 4, 2024.

A discovery cutoff date of October 28, 2024.

A motion hearing cutoff date (last date to file) of November 8, 2024.

A pretrial conference date of December 16, 2024.

A jury trial date on Tuesday, January 7, 2025. The parties estimate that the trial of this matter will take 3-4 court days.

F. <u>Settlement</u>

The parties are amenable to engaging in settlement negotiations as this case progresses. The parties propose that this case be referred to the Magistrate Judge assigned to this case, for purposes of settlement.

G. <u>Likelihood Of Appearance Of Additional Parties</u>

Neither the government nor claimant anticipate the appearance of additional parties.

3

H. <u>Complex Case</u>

The parties agree that this case is not sufficiently complex as to require the utilization of the Manual for Complex Litigation.

I. <u>Other Issues</u>

None.

Respectfully submitted,

Dated: January 18, 2024

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section

 /s/ Victor A. Rodgers
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: January 18, 2024

LAW OFFICES OF ERIC HONIG APLC
DAVID B. SMITH PLLC

 /s/ Eric Honig
ERIC HONIG

Attorneys for Claimant
MICHAEL MAGEE